and that its execution would be a solution of the difficulties arising from its nonexecution. Fletcher v. Fuller [120 U.S. 534, 7 S.Ct. 667, 30 L.Ed. 759], and Hutchison v. Massie, supra [Tex.Civ.App., 226 S.W. 695]."

The duty rested upon the trial court to pass upon the evidence introduced. If there was evidence to sustain the findings and conclusions of the trial court, the Court of Civil Appeals was clothed with the power to reverse and remand the case for a new trial on the insufficiency of the evidence; but the Court of Civil Appeals did not have the authority to reverse and render the cause. Childre et ux. v. Casstevens, Tex., 224 S.W.2d 461. After a careful consideration of the evidence under all the surrounding facts and circumstances, we think that there was some evidence tending to support the findings of the trial court.

The order of the Court of Civil Appeals reversing the judgment of the trial court is not disturbed, but that part of the order vesting one-half of the minerals in respondents is reversed, and the cause is remanded to the District Court for a new trial.

No attorney, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

GRAVES, Judge.

The conviction is for an assault with intent to commit murder without malice. The penalty assessed is confinement in the state penitentiary for one year.

The record is before this court without bills of exception or statement of facts. The indictment and all other matters of procedure appear to be in regular form.

The judgment is affirmed.